Dear Honorable Vendal Fairchild:
You have requested this office to issue an advisory opinion regarding whether an elected justice of the peace, who was appointed by the Supreme Court as a temporary replacement for a vacant ward in a parish, shall receive salary for the work in the vacant ward in addition to their regular salary.
By order of the Louisiana Supreme Court, you were appointed as a Justice of the Peace pro tempore for the Parish of West Carroll, Ward 4, through December 31, 2003 or until the vacancy is filled, whichever occurs sooner. This temporary appointment is in addition to your elected tenure as Justice of the Peace for Ward 3 in the same parish. This order was issued pursuant to Article 5, § 5(A) of the Louisiana Constitution of 1974 which gives the Supreme Court the power to assign judges. Justices of the Peace are considered judges and are under the authority of the Louisiana Supreme Court.
Justices of the Peace "shall receive salaries as are fixed by the parish governing authority and paid by the parish." La.R.S. 13:2589. Also, every justice of the peace shall be paid by the state "an additional salary equal to the amount paid justices of the peace . . . by their respective parishes, in no event to exceed one hundred dollars per month, provided funds are available and appropriated by the legislature." La.R.S. 13:2591.
La.R.S. 11:1357 states the following:
 When the supreme court assigns a sitting or retired judge or an attorney to a court, such judge or attorney shall be entitled to receive compensation, including his regular salary or retirement pay, not less than that of the judges of the court to which he is assigned, and he shall be entitled to the payment of reasonable expenses during the period of such service.
 A previous opinion of this office reached the same conclusion regarding La.R.S. 13:30(G), which through later revision of the law was moved and renamed as La.R.S. 11:1357. The opinion stated that appointed justices of the peace are entitled to the same compensation and other expenses as the justice of the peace whose court they are assigned. It also concluded that appointed justices of the peace are entitled to supplemental state pay. See La.Atty.Gen.Op. No. 82-713. I have enclosed a copy of the opinion for your convenience.
 Therefore, our office is still under the opinion that appointed justices of the peace are entitled to at least the same compensation and supplemental pay as the justice of the peace court to which they are assigned. This is in addition to the salary the person is receiving for their current position.
 I believe the above opinion has answered you question. Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ CHARLES H. BRAUD JR. Assistant Attorney General
OPINION NUMBER 82-713
October 21, 1982
57 . . . Justice of the Peace.
Assigned justices of the peace are entitled to at least the same compensation and supplemental pay as the justice of the peace court to which they are assigned. LSA-Const. Art. 5, Sec. 5(A) and R.S. 13:30(G).
Honorable Alvin A. Millet 136 Marino Drive Norco, Louisiana 70079
Gentlemen:
You have requested an opinion relative to the salary and other compensation due justices of the peace who are temporarily assigned the duties of another justice of the peace. Pursuant to a Louisiana Supreme Order dated June 29, 1982, you were appointed Justices of the Peace protempore of the Third District, Parish of St. Charles, during the period July 1, 1982 through December 31, 1982. Specifically, you ask whether or not the salary of the absent justice of the peace is to be distributed between the two of you as well as the supplemental pay which is disbursed by the State Police computer.
Pertinent to your inquiry is Revised Statute 13:30(G), which provides as follows:
 When the supreme court assigns a sitting or retired judge or an attorney to court, such judge or attorney shall be entitled to receive compensation, including his regular slaary or retirement pay, not less than that of the judges of the court to which he is assigned, and he shall be entitled to the payment of reasonable expenses during the period of such service.
 Such additional compensation and expenses shall be paid from time to time as incurred, on the judge's or attorney's own warrant, accompanied by his certificate giving a detailed statement of expenses.
Pursuant to the foregoing, a judge assigned to a court by the supreme court is entitled to receive compensation not less than that of the judge of the court to which he is assigned, as well as any additional compensation.
The Supreme Court Order of June 29, 1982, was issued pursuant to LSA-Const. Art. 5, Sec. 5(A) of 1974 entitled "Supreme Court; Jurisdiction; Rulemaking; Assignment of Judges." Thus, since justices of the peace are considered as judges, assigned justices of the peace are entitled to the compensation and other expenses as the justice of the peace whose court they are assigned.
Thus, it is our opinion that Justices of the Peace Barbara and Millet are entitled to one half of the compensation and supplemental pay of the justice of the peace whose court they were assigned.
It is hoped that we have adequately answered your questions. If we may be of further assistance in the future, please advise.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________ OLIVER W. WILLIAMS Staff Attorney
OWW/crw